IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT BROWN, #212492, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-511-WHA |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Robert Brown ("Brown"), an indigent state inmate. In the amended complaint, Brown challenges conditions of confinement at the Ventress Correctional Facility.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they address the claims for relief presented by Brown. The affidavits and records filed by the defendants demonstrate that the general conditions about which Brown complains did not violate the Constitution. In addition, these documents indicate that the defendants did not act with deliberate indifference to Brown's medical needs.

In light of the foregoing, the court issued an order directing Brown to file a response to the defendant's written reports. *Order of September 29, 2014 - Doc. No. 23*. The order advised Brown that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1 (emphasis in original). Additionally, the order "specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil

action. *Id*. The time allotted Brown for filing a response to this order expired on October 20, 2014. *Id*. As of the present date, Brown has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Brown is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Brown's inaction in the face of the defendants' reports and the overwhelming evidence refuting the claims raised herein strongly suggests he does not seek to proceed with this case. Consequently, it appears that any additional effort by this court to secure his compliance would be unavailing. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of Brown's constitutional rights occurred. In light of the foregoing, the court concludes that Brown's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before November 14, 2014, the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE